UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SEARS, ROEBUCK AND CO., *et al.*, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-1031 (RMC) |
| U.S. POSTAL SERVICE, | ) |
| Defendant. | ) |

**OPINION**

In this suit brought under the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*, Plaintiffs seek to supplement the administrative record. The documents that Plaintiffs seek to include were not before, or considered by, the decision-makers when they made the final agency decisions challenged here. Further, the documents are not "adverse" to the agency. Thus, the motion will be denied.

**I.  FACTS**

Three mailings by the Plaintiffs—Sears, Roebuck and Co.; Segerdahl Graphics, Inc.; and Aspen Marketing Services, LLC—resulted in three assessments by the U.S. Postal Service's Pricing Classification Service Center for revenue deficiencies. Plaintiffs mailed oblong folded self-mailers at a discounted automation rate. U.S. Postal Service (USPS) rules require such self-mailers to be sealed on the top and bottom edges with glue or adhesive tabs. Because Plaintiffs' pieces were sealed only at their corners, the Pricing Classification Service Center rendered three separate decisions, in June and September 2011, disqualifying them for the lower automation rate and assessing deficiencies totaling over $1.25 million. Plaintiffs filed this

1

suit against USPS challenging the Pricing Center's decisions as both ultra vires and arbitrary and

capricious under Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.* (APA).  The parties have

filed cross motions for summary judgment that are now fully briefed.

Plaintiffs now move to supplement the administrative record with three

documents: (1) a November 21, 2011 letter from Plaintiffs' counsel to counsel for USPS; and

(2) a December 7, 2011 response letter from USPS counsel to Plaintiffs' counsel; and (3) a May

12, 2010 Report of the USPS Office of Inspector General (OIG Report).  *See* Mot. to Supplement

[Dkt. 35], Exs. A-C [Dkts. 35-1–35-3].  The November 21, 2011 letter from Plaintiffs' attorney

requested reconsideration of the three final agency decisions challenged in this suit, and the

December 7, 2011 USPS letter is a response to the request for reconsideration.  The OIG Report

concerns an audit and investigation regarding the Postal Service's "Move Update Program,"

which requires bulk mailers to update their address lists with address changes of customers who

have moved or face deficiency assessments.  *See* OIG Report.

## II. LEGAL STANDARD

The Administrative Procedure Act requires reviewing courts to "set aside agency

action, findings, and conclusions found to be . . . arbitrary, capricious, abuse of discretion, or

otherwise not in accordance with law."  5 U.S.C. § 706.  In reviewing agency rulemakings, the

APA requires courts to "review the whole record or those parts of it cited by a party."  *Id.*  "If a

court is to review an agency's action fairly, it should have before it neither more nor less

information than did the agency when it made its decision."  *Walter O. Boswell Mem'l Hosp. v.*

*Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984).  The "whole" administrative record consists of all

materials directly or indirectly considered by agency decision-makers, including evidence

contrary to the agency's position, not merely the materials that the agency relied on.  *Stainback*

*v. Sec'y of Navy*, 520 F. Supp. 2d 181, 185-86 (D.D.C. 2007).  An "agency may not skew the

record by excluding unfavorable information but must produce the full record that was before the agency at the time the decision was made." *Blue Ocean Inst. v. Gutierrez*, 503 F. Supp. 2d 366, 369 (D.D.C. 2007).  On the other hand, an agency may exclude information that is not contained in the agency's files and "generally may exclude material that reflects internal deliberations." *Fund for Animals v. Williams*, 391 F. Supp. 2d 191, 197 (D.D.C. 2005).

"[A]n agency is entitled to a strong presumption of regularity that it properly designated the administrative record." *Pacific Shores Subdivision. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006).  To ensure that the court reviews only the documents that were before the agency, the record should not be supplemented unless there are unusual circumstances.  *Dist. Hosp. Partners, L.P. v. Sebelius*, 786 F.3d 46, 55 (D.C. Cir. 2015) (citing *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)).  Unusual circumstances exist where:

> (1) the agency deliberately or negligently excluded documents that may have been adverse to its decision;
>
> (2) the district court needed to supplement the record with background information in order to determine whether the agency considered all of the relevant factors; or
>
> (3) the agency failed to explain administrative action so as to frustrate judicial review.

*Kempthorne*, 530 F.3d at 1002.  To rebut the presumption of regularity, the party seeking supplementation must introduce evidence that the specific documents allegedly missing from the record were before the *actual* decision-makers.  *Banner Health v. Sebelius*, 945 F. Supp. 2d 1, 16-17 (D.D.C. 2013) (citing *Pacific Shores*, 448 F. Supp. 2d at 6).

### III. ANALYSIS

Plaintiffs assert that the November 21, 2011 letter from Plaintiffs' counsel, the December 7, 2011 response, and the OIG Report should be added to the administrative record in

3

this case because these documents "were before the USPS during the administrative proceedings and bear directly on the lawfulness of the deficiency claims against Plaintiffs." Mot. to Supplement at 1. This assertion has no factual support.

To rebut the presumption of regularity, Plaintiffs must show that the documents were before the *actual* decision-maker at the time it made the decision in question. *See Banner Health*, 945 F. Supp. 2d at 16-17. The actual decision-maker here was the Pricing Center, and it made the relevant final agency decisions in June and September of 2011. The November 21, 2011 letter from Plaintiffs' counsel requested reconsideration of the final agency decisions at issue in this case, and the December 7, 2011 letter from USPS counsel was written in response. As can be seen from the date and subject matter of these letters, it is clear that they were not before the Pricing Center at the relevant time. The Pricing Center made the final decisions in June and September of 2011, and the letters between counsel are dated months later and concern reconsideration of the June and September decisions. Because the Court "should have before it neither more nor less information than did the agency when it made its decision," *Boswell Mem'l Hosp.*, 749 F.2d at 792, these letters will not be made part of the record.

Similarly, the OIG Report was not before the actual decision-maker when the final agency decisions were made. While Plaintiffs allege that the USPS management was aware of the OIG Report, there is no evidence that the OIG Report was before the Pricing Center. The OIG Report was made public and posted on the USPS OIG website by May 13, 2010, *see* Resp. [Dkt. 37], Ex. A (Ass'n for Postal Commerce, *PostCom*, Postal News from May 2010, citing link at http://www.uspsoig.gov/), but there is no evidence that Plaintiffs brought the OIG Report to

4

the attention of the Pricing Center before the final agency decisions were rendered.[1]  When a document was not submitted to the proper division of an agency, the D.C. Circuit has held that the document was not before the relevant decision-maker.  *See Linemaster Switch Corp. v. EPA*, 938 F.2d 1299, 1305 (D.C. Cir. 1991) (document was not submitted to the proper division of EPA).  The Pricing Center is a discrete decision-making entity, and not the equivalent of USPS management.  Moreover there is no evidence that the OIG Report was considered, directly or indirectly, by the Pricing Center.  This would be expected, as the OIG Report does not concern the regulations regarding folded self-mailers.  The Report deals only with the Move Update Program.

Plaintiffs argue further that even if the OIG Report was not before the Pricing Center, or considered by the Pricing Center, the Report should be made a part of the record because it is "adverse" to USPS and it was intentionally or negligently excluded from the record, citing *Kent Cnty., Del. Levy Court v. EPA*, 963 F.2d 391, 395-96 (D.C. Cir. 1992).  *Kent* is inapposite.  In *Kent*, the Circuit required that the record be supplemented with documents from the agency's experts regarding the key question raised in the case.  *See Kent*, 963 F.2d at 396.  The D.C. Circuit recently emphasized that occasions when the record should be supplemented with material that was not before the agency are rare.  *CTS Corp. v. EPA*, 759 F.3d 52, 63 (D.C. Cir. 2014).  *Kent* dealt with an unusual circumstance where "the agency blatantly ignored a specific document that was readily available and directly on point."  *Midcoast Fishermen's Ass'n*

---

[1] Plaintiffs erroneously imply that the OIG Report is a document issued by USPS itself by arguing that a "document issued by an agency is 'before' the agency," *see* Reply [Dkt. 41] at 7 (citing *United Space Alliance, LLC v. Solis*, 824 F. Supp. 2d 68, 88 (D.D.C. 2011) ("[I]t can hardly be said that the agency's own directive was not before it.").  The Inspector General does not work for the agency he inspects, and the agency cannot direct or interfere with an Inspector General investigation.  *See Truckers United for Safety v. Mead*, 251 F.3d 183, 186 (D.C. Cir. 2001).  The OIG Report is not a USPS document or directive.

*v. Gutierrez*, 592 F. Supp. 2d 40, 45 (D.D.C. 2008) (discussing *Kent*).  Here, the OIG Report is not "adverse" as it is not directly on point.  Again, this case concerns a regulation regarding self-folded mailers and the OIG Report concerns the Move Update Program, an entirely different regulation.[2]

Because the OIG Report was not before the Pricing Center, was not considered by the Pricing Center, and was not an "adverse" document directly on point, the request to add the Report to the administrative record will be denied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to supplement the administrative record [Dkt. 35] will be denied.  A memorializing Order accompanies this Opinion.


Date: July 30, 2015                                     /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge

---

[2] In addition to *Kent*, Plaintiffs cite *United Space*, 824 F. Supp. 2d at 87-88.  There, the district court ordered supplementation because EPA had failed to include documents that were submitted as an integral part of the rulemaking process.  *United Space* is inapplicable.  The OIG Report was not submitted to the Pricing Center, it addresses a different regulation, and it cannot be characterized as "integral" to the final agency decisions regarding folded self-mailers.